IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERICO ORTIZ, | § | |
| TDCJ-CID NO.1711160, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-3915 |
| | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on October 27, 2011, by state inmate Federico Ortiz. (Docket Entry No.1). Petitioner is currently confined in the Texas Department of Criminal Justice ("TDCJ") for a conviction for the manufacturing and delivery of a controlled substance. (*Id.*). His projected release date is March 9, 2012.[1] Petitioner alleges that the Bureau of Immigration and Customs Enforcement ("ICE") has filed a detainer and expressed its intent to enforce a removal order against him. (*Id.*). Petitioner requests the Court to dismiss the removal proceedings or alternatively, to order ICE to drop the detainer until petitioner is discharged or paroled from TDCJ.

For the reasons to follow, the Court will dismiss the petition.

ANALYSIS

The issuance of a detainer does not place petitioner "in custody" for purposes of § 2241. *Zolicoffer v. United States Department of Justice*, 315 F.3d 538, 540-41 (5th Cir. 2003). Therefore, this Court lacks jurisdiction under § 2241 to challenge the detainer.

---

[1] http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.aciton?sid=08665082  (viewed December 12, 2011).

Furthermore, the REAL ID Act, Pub.L. No. 109-13, 119, Stat. 231, (codified at, *inter alia*, 8 U.S.C. § 1252), has divested all federal district courts of jurisdiction over challenges to final orders of removal. *See Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005). When and if a final order of removal is entered against petitioner, his sole means of obtaining judicial review of that order would be to file a petition for review in the appropriate court of appeals. *See id*.

The REAL ID Act does not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Petitioner, however, does not frame his argument as a challenge to his detention and the facts of this case do not reflect an independent challenge to his continued detention pursuant to 8 U.S.C. § 1231(a)(3) or *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Finally, since this petition was filed after the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case. REAL ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that petitioner Federico Ortiz's Petition for Writ of Habeas Corpus (Document No. 1) is DISMISSED for lack of jurisdiction, without prejudice to Petitioner seeking relief in the appropriate court of appeals. All other pending motions, if any, are DENIED.

The Clerk will enter this Order and provide a correct copy to all counsel of record.

SIGNED at Houston, Texas, this 12th day of December, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE